THE STATE OF KANSAS, *on the relation of L. B. Kellogg, Attorney General*, v. THE BOARD OF COMMISSIONERS OF ATCHISON COUNTY.

COUNTY SEAT, *Remains Precisely Where Originally Located*. A county seat will remain precisely where it was originally located, until changed or removed under the provisions of the constitution and statutes of the state; and *held*, where a county seat was located upon the territory of an incorporated city, and afterward the boundaries of such city were enlarged, this extension of the boundaries of the city did not have the effect to extend the boundaries of the county seat, but the county seat remained precisely where it was originally located.

*Error from Atchison District Court.*

THIS case is stated in the opinion, filed on June 7, 1890.

*L. B. Kellogg*, attorney general, *M. T. Frame*, and *J. F. Tufts*, for plaintiff in error.

*T. M. Pierce*, county attorney, and *W. W. & W. F. Guthrie*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: It is admitted by both parties to this action that the county seat of Atchison county is, and has been since the year 1855, located upon territory now included within the boundaries of the city of Atchison. It was first

located upon such territory under an act of the legislature of 1855. (Laws of 1855, ch. 30, §§ 26, 36.) It was àgain located upon such territory on October 3, 1858, by an election held on that day in the county of Atchison under chapter 21 of the general laws of 1858. At that time the town of Atchison was an incorporated city, having known and definite boundaries. It had previously been incorporated under the provisions of chapter 77 of the private laws of 1858, which took effect February 12, 1858. No relocation of the county seat of Atchison county has since been had. At the time of this second location, and prior thereto, the city of Atchison did not include any part of the territory afterward known as L. C. Challiss's Addition. On August 13, 1858, the site for the public county buildings was selected by the then county board of Atchison county, and such site included lots numbers 1, 2, and 3, in block 65 of the city of Atchison. On November 18, 1858, a map or plat of L. C. Challiss's Addition was filed in the office of the probate judge of Atchison county, and on April 1, 1859, this map or plat was recorded in the office of the register of deeds. On February 11, 1859, an act of the legislature (Private Laws of 1859, ch. 93) was passed providing for adding territory to the corporate limits of the city of Atchison, and under the provisions of this act L. C. Challiss's Addition, on April 1, 1860, became a part of the city of Atchison.

The city of Atchison within the boundaries within which it was incorporated on February 12, 1858, is known and designated, at least in this case, as "Old Atchison"; and the site for public county buildings with some additional territory has remained the same ever since such site was first selected, in August, 1858. The county commissioners are now about to change the location of the public county buildings from the place where they were first located, in 1858, to L. C. Challiss's Addition, a distance of about one-half mile; and the principal question now presented to this court is, whether they have the power to do so, or not. It is claimed by the

plaintiff that they have no such power, and for these reasons : First, L. C. Challiss's Addition not being a part of the territory of the city of Atchison when the county seat was located, such addition is not now and never has been a part of the territory constituting the county seat of Atchison county. Second, that as the county board of Atchison county fixed the site for the public county buildings in 1858, such board then exhausted all its power to locate the county buildings, and could never again exercise any such power, unless the county seat at some subsequent time should be relocated, or unless additional authority at some subsequent time should be given such board by the legislature.

We think it has already been settled by the decisions of this court, that a county seat will remain precisely where it was originally located until changed or removed under the provisions of the constitution and statutes of the state. (*The State v. Harwi*, 36 Kas. 588; *The State v. Stevens*, 40 id. 113, 119; *School District v. Roach*, 41 id. 513, 533.) In this present case the county seat was located on October 3, 1858, at the city of Atchison. Of course it could not have been located in or upon the city of Atchison, as a governmental organization, a municipal corporation, a corporate entity, an artificial person, and all bodies politic and corporate in Kansas, are in law perons—artificial persons. (See act relating to the construction of statutes, §1, ¶13; Gen. Stat. of 1889, ¶6687.) It was in fact located upon *territory*, the territory occupied by the corporate being, the artificial person, known as the city of Atchison. It is not necessary, however, in any case, that a county seat should be located within or upon territory occupied by an incorporated city, or within the territory of a city at all, or within the territory of any town, or village, or township, or school district, or road district, or any corporation or organization of any kind. County seats do not necessarily have any relation to or connection with any such things. A county seat may be located upon vacant and unoccupied land, and by any name that will sufficiently designate it or by which it may be known.

(*Conley v. Fleming*, 14 Kas. 382, 386.) It might be located upon John Smith's farm and be designated by that name, provided there was any such place and only one such place in the county, and provided a sufficient portion thereof could be obtained for public buildings and other public necessities; and in such a case John Smith, with like impotence as the city of Atchison, could not enlarge the boundaries of the county seat by enlarging his own possessions; nor could he remove the county seat by simply exchanging his farm for some other farm. When a county seat is located its exact location is fixed, and it cannot be changed by the subsequent mutations of the municipal corporation within whose territory it may happen to be located. It can be changed only under the provisions of the constitution and the statutes. (Const., art. 9, § 1; acts relating to the location and removal of county seats.) And it can be changed only by the consent of a majority of the electors of the county, given at an election duly called and held for that purpose. But suppose that by the taking of L. C. Challiss's Addition into the corporate limits of the city of Atchison the boundaries of the county seat have been extended over such addition, and then suppose that "Old Atchison" should be abolished or be taken from the boundaries of the enlarged city, leaving only L. C. Challiss's Addition as the city of Atchison: then would the county seat of Atchison county be on Challiss's Addition, and exclusively on such addition? And if so, would the change of the location of the county seat of Atchison county, as thus made, be a change within the provisions of the constitution and the statutes of the state of Kansas? We think not.

The restraining order prayed for by the plaintiff will be granted.

JOHNSTON, J., concurring.

HORTON, C. J., not sitting, or taking any part in the decision.